**IN THE COURT OF APPEALS OF TENNESSEE**

**AT KNOXVILLE**

EARL L. KEISTER, JR., and ) C/A NO. 03A01-9807-CH-00225
CHARLOTTE KEISTER, )
                                 ) KNOX CHANCERY
    Plaintiffs-Appellants, )
                                   ) HON. H. DAVID CATE,
v. ) CHANCELLOR
                                   )
J. HARRY LEWIS and )
ERWIN A. COLLINS, ) AFFIRMED
                                   ) AND
    Defendants-Appellees. ) REMANDED

MARY JANE BORDEN, EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C., Knoxville, for Plaintiffs-Appellants.

DONALD K. VOWELL, and KENNETH E. MORROW, Knoxville, for Defendants-Appellees.

**O P I N I O N**

Franks, J.

This is an action to recover under a contract of sale for the purchase of real estate entered between plaintiffs and a limited partnership against defendants, general partners of that partnership.

The partnership agreed to return the real estate to the plaintiffs who, in turn, released the partnership "from any further liabilities under the contract of sale". The Trial Judge held that the release of the partnership, released the defendant

partners from any liability, and plaintiffs have appealed.

The dispositive issue on appeal is whether the release of the partnership released the partners from any contractual liability under the sales agreement.

The contract of sale was entered in 1982 between the plaintiffs and Northside Properties Ltd., a limited partnership. The contract was executed by the buyer, as Northside Properties, Ltd., by each of the defendants herein who executed the agreement as a "general partner".

At the time of the release of the partnership, which was court-approved, because the partnership was in receivership, it was agreed by the partnership and the plaintiffs that the release would not "affect any claims" which the plaintiffs "may have against the general partners." The plaintiffs' theory in their complaint, is that: "pursuant to Tennessee law, the defendants, as general partners, are personally liable for the terms of the Contract of Sale." They further point to the Uniform Partnership Act in this jurisdiction where it is stated that all partners are liable, jointly and severally, for everything chargeable to the partnership." T.C.A. §61-1-114. This is a correct statement of the law but does not address the Trial Judge's holding which essentially states that since the partners' contractual liability is vicarious by the terms of the Act, the release of the partnership releases the partners.

We believe the Trial Judge reached the proper result, and we affirm.

It is widely held that where the partnership entity is released from all liability, the partners' liability for the partnership's acts and omissions is also released, because such liability is vicarious. *See, e.g.,Kinetics, Inc. v. El Paso Products Co.*, 99 NM 22, 653, P.2d 522 (1982); *M.A. Shaw, Individually and d/b/a Contractors Co-op Co., and d/b/a 3C Roofing v. Kennedy Ltd., et al.*, 879 S.W.2d 240 (Ct. App. TX. 1994). There can be no doubt that these partners signed the contract in their representative capacity as general partners, and on this record have no personal

2

liability to plaintiffs independent of the Contract.  Accordingly, the release having extinguished their vicarious liability, the judgment entered for the defendants was appropriate and the Trial Court is affirmed.

The cost of the appeal is assessed to appellants.

_____
Herschel P. Franks, J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
Charles D. Susano, Jr., J.